## STATE v. BURTS.
### No. 5405.
Circuit Court, Dade County, Criminal Appeal.
January 20, 1964.

Turner, Hendrick, Fascell & Guildford, Coral Gables, for appellant.

Richard E. Gerstein, State Attorney, Joan Odell Fransella, Ass't. State Attorney, for appellee.

HARVIE S. DuVAL, Circuit Judge.

The appellant, Luther Ransom Burts, was charged with the operation of a motor vehicle while under the influence of intoxicating beverages in violation of section 30.15 (a), and reckless driving in violation of section 30.16 (a), of the Code of Metropolitan Dade County.

The appellant was arrested in the city of Coral Gables. Prior to his being taken from the scene an attorney-at-law was engaged, appeared and advised the officers of his retention as appellant's counsel. The officers refused to inform appellant or his attorney of the nature of the arrest. Counsel advised the officers that he would not permit any chemical tests to be taken or interrogations of his client. He further informed the officers that he would follow the officers and his client to the hospital where the appellant was being taken for multiple injuries received in some manner at the scene of the arrest.

The officers took appellant to the emergency room of the hospital where they immediately attempted to take a blood sample from his arm. Appellant's attorney arrived, entered the room and told the officers he would not consent, nor permit his client to consent to any type of alcoholic test. The officers thereupon escorted the attorney from the room and proceeded to take the blood sample in violation of appellant's attorney's instruction. At the conclusion of taking appellant's blood for testing purposes the officers, instead of taking him to the county jail where he could have been booked in and permitted bond, held him for several hours awaiting a drunkometer expert to come to the hospital and interrogate him, all in violation of his attorney's instructions to the officers. During the interim time, counsel was denied the right to consult with or advise the appellant. Later on appellant was booked in the county jail and permitted bond.

Appellant filed his motion to suppress the evidence obtained as a result of the mentioned blood test, as well as the testimony of the interrogation conducted by the drunkometer expert at the hospital. The lower court denied the motion to suppress. Appellant was later tried before a second judge who permitted the above testimony and evidence over the timely objection of appellant.

Appellant was convicted of both charges and brings his appeal to this court.

The motion to suppress should have been granted and the evidence obtained as a result of the blood test and interrogation at the hospital should have been excluded.

It is fundamental that when an attorney is engaged to represent a defendant in custody, and such representation is made known to the officers, it is a violation of his rights not to allow him to consult with or be advised by his counsel. It is further highly improper to interrogate a defendant, take chemical or other tests of the defendant, without consent of his previously retained counsel.

Florida Statute 901.24 provides —

"Any attorney at law entitled to practice in the courts of this state shall, at the request of the person arrested or of someone acting in his behalf, be permitted, forthwith upon his request, to visit the person arrested and to interview him privately."

There were other matters raised in the appeal by appellant.

One was the denial of his use of an alleged impeaching statement given by one of the arresting officers. The use of the statement was denied by the trial court on the ground that the officer did not swear to it at the time he gave the statement. Any witness may be impeached by the opposing side by any prior inconsistent or impeaching statement whether oral or written, signed or unsigned, sworn on unsworn. To deny the use of an impeaching statement on the sole ground that the witness had not sworn to the statement was error.

The state contends that even if it was improper to introduce in evidence the blood tests and interrogations, the trial court could still have found the appellant guilty of driving while intoxicated. In reviewing the testimony it is just as reasonable to believe the trial court could have in the absence of improper evidence, found appellant not guilty of this charge.

The appellant's fundamental rights were violated by the improper introduction of the blood tests and interrogations and for this reason the judgment finding appellant guilty while driving under the influence of alcoholic beverage in violation of section 30.15 (a) of the Metropolitan Code of Dade County is hereby reversed.

The testimony relating to the charge of reckless driving was proper and the judgment finding appellant guilty of reckless driving is affirmed.